*Craddock, Ford, for appellant.*

*Rodman, for appellee.*

---

JESSE HENRY *v.* COMMONWEALTH OF KENTUCKY.

**Weapons—Evidence—Wearing Weapon Belt.**

The object of the Legislature in enacting the Act of March 22, ·1871, § 5, was to permit the fact of a belt being around the body to go to the jury as evidence on the question whether a deadly weapon was carried concealed.

Weapons—Evidence of Carrying.

The fact that accused wore a belt around him, such as weapons are usually carried in, will not alone authorize a finding that accused carried a deadly weapon.

Weapons—Statute Construed.

Act March 22, 1871, relating to the carrying of concealed weapons, construed.

Statutes—Concealed Weapons.

Act March 22, 1871, relating to the carrying of concealed weapons, construed.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

December 6, 1872.

OPINION BY JUDGE PRYOR:

It is difficult to arive at the meaning of the fifth section of the act approved March 22, 1871, in regard to the carrying of concealed deadly weapons. It was certainly not intended to authorize a verdict upon proof that the party accused had a belt under his coat, or fastened around his person, nor to subject a man to punishment with a belt fastened around him and the pistol itself exposed and not concealed.

The object of the legislature doubtless was to permit the fact of the belt being around the body to go to the jury as evidence upon the question as to whether the deadly weapon was carried concealed.

It must appear that the party accused carried a deadly weapon concealed in order to find him guilty, and to determine the question of guilt or innocence the fact of his having a belt around him, such as pistols or deadly weapons are usually carried in, may go to the jury to be considered by them upon the issue presented; but this fact alone will not authorize a jury to say that the party carried a concealed deadly weapon; and although the act in question does indicate that it is the duty of the judge to tell the jury if the facts proven are true, they must find the pistol concealed, although it may not have been concealed; still we are inclined to the conclusion that the legislature intended merely to express the opinion that as jurors they will find a party guilty upon the state of facts recited in the third section.

The court erred in giving the second instruction and in refusing the instructions asked for by the counsel for the accused. We

think, however, the word "actual" should be erased from defendant's instruction and was doubtless inserted by reason of Instruction No. 2 given by the court.

The judgment is reversed and the cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.

*Feland & Evans, for appellant.*

*Rodman, for appellee.*